IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| MICHAEL JEFFREY LEONE | * | |
| KELLEY JO LEONE | * | |
|     Debtors | * | Case No. 1:14-bk-03891-MDF |
| | * | |
| MICHAEL JEFFREY LEONE | * | |
| KELLEY JO LEONE | * | |
|     Objectants | * | |
| | * | |
| v. | * | |
| | * | |
| COMMONWEALTH LAND TITLE | * | |
| INSURANCE CO. | * | |
|     Claimant | * | |

## OPINION

Michael Jeffrey Leone and Kelley Jo Leone ("Debtors") objected to the proof of claim filed by Commonwealth Land Title Insurance Co. ("Commonwealth"). In its claim, Commonwealth asserts that Debtors were unjustly enriched when it had to pay off a loan made to Debtors by Charter One Bank, N.A. ("Charter One"), which should have been satisfied when the loan was refinanced in 2005. At the hearing on this matter, the parties stipulated that the dispute was a matter of law and could be decided by the Court on briefs. The sole issue presented to the Court is whether Commonwealth's claim against Debtors is barred by the applicable statute of limitations. After reviewing the briefs filed by the parties, the Court finds that Commonwealth's claim is untimely, and, therefore, Debtors' objection will be sustained.[1]

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core, non-*Stern* proceeding under 28 U.S.C. § 157(b)(2)(B). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7052, which is applicable to contested matters pursuant to Rule 9014.

## I. Factual and Procedural Background

In September 2005, Debtors refinanced a purchase money mortgage and a line of credit mortgage on their home held by Charter One. Commonwealth insured the title on the property on behalf of the new mortgagee, First NLC Financial Services, LLC. At settlement funds were disbursed to pay off both Charter One mortgages, but only the purchase money mortgage was marked as satisfied.[2]

In 2009, Debtors' defaulted on the refinanced loan, which by that time had been assigned to DLJ Mortgage Capital ("DLJ"). After DLJ commenced foreclosure proceedings and obtained a default judgment against Debtors, it discovered that one of the Charter One mortgages had not been satisfied and that there was an outstanding balance on the loan of $9804.31. As a consequence, Charter One's mortgage enjoyed a lien position superior to DLJ's mortgage.

Charter One notified DLJ that if the property was sold at sheriff's sale its lien would have to be satisfied or the property would have to be sold subject to the lien. Discovering that it did not hold a first lien position on Debtors' property, DLJ made a claim on the title insurance policy that had been issued by Commonwealth at settlement. On February 26, 2010, Commonwealth accepted coverage of the claim, but it was not until August 14, 2014 that it paid the claim in a compromised amount of $8000.

---

[2]In its brief, Commonwealth asserts that Debtors drew down on the Charter One line of credit at some time after the payoff figure had been provided to the settlement agent handling the refinancing. Debtors do not admit that they took any wrongful action and insist that the settlement agent issued a check to Charter One to pay off the line of credit, but failed to properly record the satisfaction piece for the mortgage. Although resolution of this factual dispute would be critical if the Court had to determine whether Debtors' were enriched "unjustly," it is not necessary for me to resolve this issue. Whether or not Debtors obtained a benefit to which they were not entitled, Commonwealth's claim is barred by the statute of limitations.

2

On August 25, 2014, Debtors filed their bankruptcy petition. Commonwealth filed an unsecured claim on December 19, 2014 in the amount of $8,000 to which Debtors objected on February 3, 2015. In their objection, Debtors asserted that Commonwealth's claim was barred by the statute of limitations. Commonwealth responded that the statute did not begin to run until August 14, 2014, when it paid the negotiated amount on behalf of its insured.

## II. Discussion

Commonwealth argues that Debtors were unjustly enriched when it was required to pay off the outstanding balance on the Charter One line of credit. "A cause of action for unjust enrichment may arise only when a transaction of the parties not otherwise governed by an express contract confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value." *Villoresi v. Femminella*, 856 A.2d 78, 84 (Pa. Super. Ct. 2004). Under Pennsylvania law, a claim of unjust enrichment must be brought within four years. 42 Pa. C.S. § 5525(4) ("the following actions . . . must be commenced within four years: . . . (4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.").

It is a court's responsibility to determine, as a matter of law, whether a claim is timely under the applicable statute of limitations. *Sevast v. Kakouras*, 591 Pa. 44, 53, 915 A.2d 1147, 1153 (Pa. 2007) (citing *Crouse v. Cyclops Indus.,* 560 Pa. 394, 403-04, 745 A.2d 606, 611 (Pa. 2000)). "Generally speaking, the statute of limitations begins to run as soon as the right to institute and maintain the suit rises." *Id.* Phrased somewhat differently, the statute of limitations is triggered when "the first significant event necessary to make the claim "suable"occurs." *Lake v. Arnold*, 232 F.3d 360, 366 (3d Cir. 2000) (quoting *Ross v. Johns-Mansville Corp.*, 766 F.2d

3

823, 826 (3d Cir. 1985) (internal quotation omitted). It has been specifically held that "the statute of limitations [for a claim of unjust enrichment] begins to run as soon as the right to institute and maintain the suit arises." *Arader v. Dimitrov*, No. 11-3626, 2011 WL 4807924, *6 (E.D. Pa. October 7, 2011) (quoting *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 686 (E.D. Pa. 2011) (brackets in original)).

Commonwealth argues that Debtors were not unjustly enriched until Commonwealth paid off the Charter One line of credit in August 2014. This, however, is not the date the statute began to run. If Debtors drew on the line of credit after they had arranged for refinancing through DLJ and were thus, unjustly enriched, the cause of action would have accrued on the dates the additional draws were taken. Under Pennsylvania law, however, the statute may be tolled if the injured party, in the exercise of due diligence, was unable to discover that it had been injured. In these situations, the discovery rule provides that the statute of limitations does not start to run until the injured party either "knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Pearce v. Salvation Army*, 449 Pa. Super. 654, 657-59, 674 A.2d 1123, 1125 (Pa. Super. Ct. 1996).

At least as early as February 2010, Commonwealth knew that the Charter One line of credit mortgage had not been satisfied when the loan was refinanced. At that point, Commonwealth had an obligation to determine whether the failure to satisfy the Charter One mortgage was due to an error by its settlement agent or Debtors' actions. Commonwealth's obligation to DLJ not only arose before February 2010, it was acknowledged as its obligation by that date. If Debtors were unjustly enriched, they were enriched when they drew down on the loans that Commonwealth became obligated to pay. Debtors' enrichment is unrelated to the date

4

Case 1:14-bk-03891-MDF    Doc 58    Filed 08/17/15    Entered 08/18/15 08:47:44    Desc
Main Document      Page 4 of 5

upon which Commonwealth satisfied its contractual obligation to its insured. "[I]t is the duty of the party asserting a cause of action to use all reasonable diligence to property inform himself of the facts and circumstances upon which the right of recovery is based and to initiate suit within the prescribed period." *Crouse*, 560 Pa. at 403, 745 A.2d at 611. Once Commonwealth was informed about the existence of the Charter One mortgage, which it believed had been satisfied in 2005, any right it had to bring suit against Debtors arose and the statute began to run.

### III. Conclusion

For the reasons set forth above, the Court finds that Commonwealth's claim against Debtors for unjust enrichment is barred by the four year statute of limitations set forth in 42 Pa. C.S. § 5525(4). Accordingly, Debtors' objection to Commonwealth's claim will be sustained and the claim will be disallowed in its entirety. An appropriate order will be entered.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: August 17, 2015