IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| MICHAEL JEFFREY LEONE | * | |
| KELLEY JO LEONE | * | |
|     Debtors | * | Case No. 1:14-bk-03891-MDF |
| | * | |
| MICHAEL JEFFREY LEONE | * | |
| KELLEY JO LEONE | * | |
|     Objectants | * | |
| | * | |
| v. | * | |
| | * | |
| COMMONWEALTH LAND TITLE | * | |
| INSURANCE CO. | * | |
|     Claimant | * | |

## OPINION

Michael Jeffrey Leone and Kelley Jo Leone ("Debtors") objected to the proof of claim filed by Commonwealth Land Title Insurance Co. ("Commonwealth"). Commonwealth's claim is based on the theory of unjust enrichment. On August 17, 2015, I issued an Opinion and Order sustaining Debtors' objection having concluded that Commonwealth's claim was barred by the Pennsylvania four-year statute of limitations on unjust enrichment actions. Commonwealth moved for reconsideration of the Order. For the reasons set forth below, the motion for reconsideration will be denied.[1]

## Discussion

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of." *Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328

---

[1]The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core, non-*Stern* proceeding under 28 U.S.C. § 157(b)(2)(B). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7052, which is applicable to contested matters pursuant to Rule 9014.

F.Supp.2d 522, 529 (M.D. Pa. 2004) (citing *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994), *aff'd* 31 F.3d 1175 (3d Cir. 1994)). Likewise, it is "not to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye*, 846 F. Supp. at 314.

Commonwealth reasserts its position that the statute of limitations did not begin to run until August 14, 2014 when it satisfied the claim of its insured, DLJ Mortgage Capital ("DLJ"). Commonwealth argues that no benefit was conferred on Debtors until it paid a compromised amount on the balance Debtors owed to Charter One. As set forth in my earlier Opinion, Commonwealth's statute of limitations analysis is flawed because it focuses on when Commonwealth paid the claim, a relevant date for an indemnity claim but not for a claim of unjust enrichment.

Under Pennsylvania law, to state a claim for unjust enrichment, the plaintiff must confer a benefit on the defendant, the defendant must realize the benefit and the defendant must retain the benefit without providing value to the plaintiff. *Limbach Co. v. City of Phila.*, 905 A.2d 567, 575 (Pa. Cmwlth 2006). The statute of limitations begins to run when "the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." *Farm Leasing Services Corp. v. Ferguson Packaging Machinery Inc.*, Civil Action No. 07-1900, 2007 WL 4276841, *3 (E.D. Pa. December 3, 2007) (citing *Fine v. Checcio*, 582 Pa. 253, 268, 870 A.2d 850, 859 (2005)).

Commonwealth asserts that its agent paid off both Charter One mortgages, but neglected to file a satisfaction piece for the line of credit. Taking advantage of this error, Debtors drew down on the Charter One line of credit after the line should have been closed. Alternatively,

Commonwealth argues that the amount collected and paid to Charter One was insufficient to satisfy the outstanding balance of the mortgage. In either situation, Debtors obtained a benefit from the Charter One loan, either passively or actively, to which they were not entitled and which Commonwealth was forced to satisfy because of the contractual obligation it owed to DLJ.

By accepting coverage of the title insurance claim in February 2010, Commonwealth acknowledged that it was aware that a benefit had been conferred on Debtors to the detriment of its insured. At that point, Commonwealth knew that it would be required to satisfy Charter One's lien to protect DLJ's first lien position. Because Commonwealth was aware of its insured's claim, the statute began to run. Thus, when Commonwealth filed its claim more than four years later it was untimely.

On reconsideration, Commonwealth asserts for the first time that the Court failed to consider its "true cause of action at law" – indemnification. As the *Waye* court recognized, after a court has rendered its decision is not the time for a party to raise its "true cause of action." Setting aside the untimeliness of Commonweath's new cause of action, even if I were to consider the indemnification argument, I would arrive at the identical conclusion that Commonwealth is not entitled to reconsideration of my prior order.

Indemnity allows someone who is secondarily liable to recover against one who is primarily liable. *Globe Indem. Co., v. Agway*, 456 F.2d 472 474-75. (3d Cir. 1972). This principle, however, does not apply between an insurer and an unrelated third party. Typically, the insurer's rights are fixed by the contract of insurance, which provides for subrogation. *David Jeffrey, Ltd. v. Jewelers Mut. Ins. Co.*, Civ. A. No. 86-6222, 1987 WL 16664, *2 (E.D. Pa. Sept.

3

1, 1987). Because Commonwealth is subrogated to DLJ, its claim against Debtors is subject to the same statute of limitations defense that Debtors would have against DLJ. In this case, DLJ knew it had a claim against Debtors no later than February 7, 2010 and could have commenced an action against Debtors at that time. Because the underlying note between Debtors and DLJ is subject to a four-year statute of limitations under 42 Pa. C. S. § 5525(7), the statute of limitations expired before the claim was filed in Debtors' case. Other theories of recovery against Debtors, such as unjust enrichment and conversion, are equally unavailing. As noted previously, the statute of limitations for unjust enrichment is four years. The statute of limitations for conversion actions is two years. 42 Pa. C.S. § 5524. Therefore, under any theory Commonwealth reasonably could have advanced, its claim was not timely.

For these reasons, the motion for reconsideration will be denied.

By the Court,

Date: October 29, 2015

Mary D. France
Chief Bankruptcy Judge
(JK)